IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUSSELL GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:19CV3029 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| STATE OF GEORGIA, et. al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Russell Gaither is a pro se litigant incarcerated at the Georgia State Prison in Reidsville, Georgia. The court has granted Plaintiff permission to proceed in forma pauperis (Filing No. 10), and the court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action against the State of Georgia complaining about substandard medical care, limited access to legal-research materials, segregated confinement, and negligence within the Georgia prison system. While extremely difficult to read, Plaintiff's Complaint appears to contain no allegations whatsoever regarding actions taken in Nebraska such that Nebraska would be the proper place in which to bring this action (what is known as proper "venue").

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of

it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. DISCUSSION

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *See De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States," and provides in relevant part that:

> **(b) Venue in general.**—A civil action may be brought in—
>
> > **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The allegations in Plaintiff's Complaint establish that the United States District Court for the District of Nebraska is the wrong venue for this case. Rather, it appears that the proper venue for Plaintiff's case under 28 U.S.C. § 1391(b)(1) or (2) is the United States District Court for the Southern District of Georgia since that is where the events or omissions giving rise to Plaintiff's claims seem to have occurred.[1]

In order to avoid duplication of the efforts Plaintiff and the federal court have already expended on this case, I shall transfer this matter to the United States District Court for the Southern District of Georgia for disposition.

Accordingly,

IT IS ORDERED:

1. The District of Nebraska is an improper venue for Plaintiff's Complaint. However, in the interests of justice, the court will transfer this case to the United States District Court for the Southern District of Georgia, a proper venue.

2. The Clerk of the Court is directed to take all necessary steps to transfer this matter to the United States District Court for the Southern District of Georgia.

3. The Clerk of the Court shall close and terminate this case in the District of Nebraska.

---

[1] General information about the United States District Court for the Southern District of Georgia may be found at https://www.gasd.uscourts.gov/, and guidance for litigants proceeding without counsel in that court may be found at https://www.gasd.uscourts.gov/filing-without-attorney.

DATED this 24th day of April, 2019.

                                                    BY THE COURT:

                                                    s/ *Richard G. Kopf*
                                                    Senior United States District Judge