# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RUSSELL GAITHER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-49 |
| v. | |
| STATE OF GEORGIA, | |
| Defendant. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed this action pursuant to 42 U.S.C. §1983 in the United States District Court for the District of Nebraska. Doc. 1. Plaintiff was permitted to proceed *in forma pauperis* by order of the Nebraska court. Doc. 10. For the reasons which follow, I **RECOMMEND** the Court **VACATE** the order granting Plaintiff's Motion to Proceed *in Forma Pauperis* and ordering the collection and remittance of funds, doc. 10, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 2. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]  I

---

[1]  A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due

also **RECOMMEND** the Court **DENY as moot** any and all pending Motions and requests for relief Plaintiff filed in this action, docs. 4, 5, 20, 21, 22, 23, 24, 26, 27, 29, 31, 32.

**BACKGROUND**

Plaintiff filed this action, generally alleging negligence and violations of the Eighth Amendment with respect to his medical care and violations of the Due Process Clause stemming from his confinement in segregation. Doc. 1 at 1. However, the majority of Plaintiff's Complaint consists of a recitation of the proceedings of a civil case he filed in the Superior Court of Wheeler County, Georgia. See generally Doc. 1. Plaintiff does not appear to elaborate on his due process claim in his Complaint, and as to his medical claim, he only states he underwent surgery to remove hardware from his ankle on October 22, 2018, and that his ankle is still "very badly swollen." Id. at 7. Plaintiff also complains that Georgia State Prison failed to provide him with sufficient "indigent supplies" like paper and envelopes. Id. at 2.

On April 24, 2019, the Nebraska District Court ordered Plaintiff's case be transferred to this District due to improper venue. Doc. 11. Plaintiff, thereafter filed a Notice of Appeal, purportedly challenging the transfer. Doc. 14. The Eleventh Circuit Court of Appeals, sua sponte, dismissed Plaintiff's appeal for lack of jurisdiction, doc. 28, and denied Plaintiff's motion for reconsideration, doc. 33. This Court now considers whether Plaintiff may proceed with this action.

---

to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**DISCUSSION**

**I.      Dismissal Under 28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA"). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding that § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

1) Gaither v. Chapman, No. 3:13-cv-125 (M.D. Ga. Dec. 9, 2013), ECF No. 5 (dismissed for failure to state a claim);

2) Gaither v. Pullin, No. 5:14-cv-260 (M.D. Ga. Aug. 21, 2014), ECF No. 6 (dismissed for being frivolous, malicious, or failing to state a claim); and

3) Gaither v. Archar, 3:15-cv-43 (S.D. Ga. Aug. 25, 2015), ECF No. 27 (dismissed for failure to follow court order and abuse of judicial process).[2]  Additionally, Plaintiff has been identified as a three-striker in the following cases:

1) Gaither v. Brown, No. 1:16-cv-73 (M.D. Ga. June 30, 2016), ECF No. 10;

2) Gaither v. Archer, No. 3:16-cv-10 (S.D. Ga. Feb. 18, 2016), ECF No. 12;

3) Gaither v. Hooks, No. 6:16-cv-09 (S.D. Ga. June 8, 2016), ECF No. 17 (also recommending dismissal for failure to state a claim); and

4) Gaither v. Epps, No. 1:16-cv-103 (S.D. Ga. Aug. 19, 2016), ECF No. 11 (also recommending dismissal for failure to state a claim).

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).  "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."  Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff fails to allege anything in his Complaint indicating he is in imminent danger of serious physical injury.  At most, Plaintiff complains that his ankle has been swollen since 2013, and that even after a surgery to remove hardware from his ankle in October 2018, his ankle

---

[2]  This Court's dismissal of Plaintiff's complaint for abuse of judicial process in Case Number 3:15-cv-43 constitutes a strike within the meaning of § 1915(g).  See Rivera, 144 F.3d at 731 (finding case dismissed for "abuse of the judicial process" where plaintiff lied about existence of prior suit counts as a strike under § 1915(g)); see also Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (failing to disclose previously filed cases properly results in strike).

4

continues to be "very badly swollen", and Plaintiff can feel "something inside his ankle pop[p]ing, or clicking" when he moves his foot in a certain way. Doc. 1 at 7. This Court has previously determined Plaintiff's allegations regarding his swollen ankle are not enough to bring him within § 1915(g)'s imminent danger exception. See Gaither v. Hooks, No. 6:16-cv-09 (S.D. Ga. June 8, 2016), ECF No. 17, pp. 6–7. The Court finds nothing in Plaintiff's present Complaint to persuade it otherwise. As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*.

Accordingly, I **RECOMMEND** the Court **VACATE** the order granting Plaintiff's Motion to Proceed *in Forma Pauperis* and ordering the collection and remittance of funds, doc. 10, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 2. Additionally, I **RECOMMEND** the Court **DISMISS** without prejudice Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case. I further **RECOMMEND** the Court **DENY as moot** any and all pending Motions and requests for relief Plaintiff has filed in this action, docs. 4, 5, 20, 21, 22, 23, 24, 26, 27, 29, 31, 32.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. §

---

[3]     A certificate of appealability is not required in this § 1983 action.

1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **VACATE** the order granting Plaintiff's Motion to Proceed *in Forma Pauperis* and ordering the collection and remittance of funds, doc. 10, and **DENY** Plaintiff's Motion to Proceed *in Forma Pauperis*, doc. 2. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** him leave to proceed *in forma pauperis* on appeal. I also **RECOMMEND** the Court **DENY as moot** any and all pending Motions and requests for relief Plaintiff filed, docs. 4, 5, 20, 21, 22, 23, 24, 26, 27, 29, 31, 32.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff and Plaintiff's current custodian.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA